**STATE of Iowa, Appellee,**

v.

**Michael Richard MUSSO, Appellant.**

No. 85–371.

Supreme Court of Iowa.

Jan. 14, 1987.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., Brent D. Heeren, Co. Atty., and Richard Vander Mey, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, WOLLE, LAVORATO and NEUMAN, JJ.

HARRIS, Justice.
"The best laid schemes o' mice an' men Gang, aft agley." [1]

From a criminal perspective this robbery was not well executed. A cardinal rule among thieves is to leave nothing at the crime scene. Nevertheless two items were inadvertently dropped when this routine tavern holdup occurred. A pillowcase matching some later identified with defendant was left inside the tavern and a camper was inadvertently dropped off the getaway vehicle (defendant's pickup truck) as it roared away from the scene.

Needless to say defendant does not assign sufficiency of the evidence as error in this appeal, which follows his conviction of first-degree robbery. *See* Iowa Code §§ 711.1, 711.2 (1983). His two assignments relate to evidentiary rulings. We vacate a court of appeals decision and affirm the trial court.

Defendant and a companion entered a Tama, Iowa, tavern as customers, played pool, ordered two rounds of drinks, and left without incident. About an hour later the two were seen driving through town in a brown pickup truck with a white camper. Fifteen minutes later, according to the State's evidence, defendant entered the tavern with a shotgun. He removed all the currency from the cash register and ordered the bartender and patrons into a

---

1. The best laid schemes of mice and men often go astray. From the poem *To A Mouse* by Robert Burns.

restroom. When they emerged he was gone. A pillowcase was discovered lying on the bar.

Other witnesses saw the same pickup truck pulling out of an alley behind the tavern and as it did the camper fell off and onto the street. A man then dashed out from the alley and got into the truck's passenger side. The truck, later identified as the one seen earlier, then left. When officers searched the abandoned camper they found and seized a green bag containing a shotgun shell and a clothing bag containing several pillowcases.

The pickup truck was registered in the name of defendant's wife and was later found at a nearby state park. It was impounded and later searched pursuant to a warrant. Sunglasses, linking defendant to the robbery, were found, were seized, and were later offered in evidence.

After defendant was arrested and charged with first-degree robbery he filed a pretrial motion for production of all "items seized by the State in connection with the alleged crime." The State promptly consented that

> the Defendant's attorney may inspect any such items seized by the State of Iowa in connection with the armed robbery charged herein. All such property is currently being held by the Tama County Sheriff at his office at the Courthouse, Toledo, Iowa.

With this background of pledged cooperation we turn to the minutes of evidence attached to the trial information. The testimony of Tama police chief Shane Bingham was summarized there as follows:

> The witness will testify concerning his employment and that he investigated an armed robbery which took place at the Gas Light Tavern, Tama, Iowa, during the afternoon hours of Friday, August 24, 1984. The witness will testify in detail concerning the nature and extent of his investigation and as to all other relevant facts and circumstances thereto.

> Shortly after arriving at the scene of the robbery, the witness observed a white camper lying in the eastern half of Harmon Street, Tama, approximately one-half block from the Gas Light Tavern. The camper in the street bore license plate number Iowa GE 5658.[2]

> The witness will further testify in conformity with any discovery deposition he may give in the matter.

Although the minutes of Bingham's testimony made no reference to such matters, his trial testimony detailed his search of the pickup and camper and described his seizure of the items previously mentioned.

Bingham earned no plaudits for being forthright in disclosing these matters during his pretrial deposition. The transcript indicates he denied knowing about the evidentiary matters now challenged as being beyond the minutes of testimony.

I. At trial defendant objected when Bingham testified about his search of the truck and camper and his seizure of the evidence. The trial court ruling which admitted the testimony is the subject of defendant's first assignment of error on appeal.

Iowa rule of criminal procedure 5(3) requires the State, upon filing a trial information, to provide a defendant with "a full and fair statement" of the expected testimony of each witness. In pertinent part, the rule reads:

> The prosecuting attorney shall, at the time of filing such information, also file the minutes of evidence of the witnesses which shall consist of a notice in writing stating the name, place of residence and occupation of each witness upon whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony.

Iowa R.Crim.P. 5(3). According to rule 4(6)(a):

> Mrs. Donna Musso.

---

**2.** A license number registered to a 1972 Ford pickup truck owned by the defendant's spouse,

A minute of evidence shall consist of a notice in writing stating the name, place of residence, and occupation of the witness upon whose testimony the indictment is found, and a full and fair statement of the witness' testimony before the grand jury and a full and fair statement of additional expected testimony at trial.

The State acknowledges Bingham's testimony went beyond the scope of the minutes but nevertheless contends there was no reversible error in admitting it. The State points out that defendant was fully aware of the evidence before trial and was in no way surprised by it.

Since it became effective January 1, 1978, rule of criminal procedure 4(6)(a) has been interpreted a number of times. Compliance is mandatory, not as a matter of ritual, but in order to "fully and fairly" apprise a criminal defendant of the testimony to be expected at trial. The minutes must "alert defendant generally to the source and nature of the evidence against him." *State v. Lord,* 341 N.W.2d 741, 743 (Iowa 1983); *State v. Olsen,* 293 N.W.2d 216, 220 (Iowa), *cert. denied,* 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290 (1980); *State v. Walker,* 281 N.W.2d 612, 614 (Iowa 1979).

■ The requirement is more functional than it is formal. Its purpose is to fill a need, the need to apprise an accused of the evidence in the prosecution's arsenal. When the minutes fail to adequately do so to defendant's prejudice a reversal will follow. *Walker,* 281 N.W.2d at 614–15; *see also Olsen,* 293 N.W.2d at 220–21 (minutes disclosed only chain of custody testimony but officer also testified concerning methods used in distributing and packaging drugs, conviction reversed). But when the challenged minutes, though incomplete, put defendant "on notice of the necessity of further investigation of the witness' probable testimony," reversal need not follow admission of matters they do not disclose. *Lord,* 341 N.W.2d at 743; *see also State v. Ellis,* 350 N.W.2d 178, 182 (Iowa 1984) ("challenged testimony was consistent with the overall nature of the minutes of ...

testimony," conviction affirmed); *State v. Ristau,* 340 N.W.2d 273, 274–75 (Iowa 1983) (complaining witness' conversation with defendant not mentioned in the minutes but was deemed consistent with the overall nature of the witness' testimony, conviction affirmed).

The case perhaps closest in point is *State v. Waterbury,* 307 N.W.2d 45 (Iowa 1981). As in the present case the State conceded in *Waterbury* that the minutes did not disclose the testimony challenged at trial. The minutes disclosed only that the witness would testify that the murder weapon was stolen in 1975. At trial she was however allowed to state that the defendant had bought the gun from her on July 17, 1975. We found no reversible error, stating:

> [D]efendants were thoroughly apprised of the evidence to be presented by this witness's testimony two months before trial. The elements of surprise or prejudice were nonexistent. Thus we hold there was no reversible error in permitting the testimony to be introduced despite the faulty minute in the trial information. *See State v. Smith,* 282 N.W.2d 138, 141 (Iowa 1979).

307 N.W.2d at 51.

■ We agree with the State that the ruling challenged here did not amount to reversible error. There was no surprise in the testimony. Neither is there a claim that lateness in disclosing the challenged testimony resulted in disadvantage in trial preparation. The testimony precipitated no request for continuance.

The assignment is without merit.

■ II. Defendant raised another assignment of error which challenged a trial court ruling refusing to allow defendant to impeach a prosecution witness. Defendant sought to show the witness had been convicted of attempted burglary in 1974. Evidence was however admitted which showed the same witness had in 1979 been convicted of burglary. *See* Iowa R.Evid. 609.

Under this record defendant was not prejudiced. We find no abuse of discretion

in the ruling. *See State v. Thompkins*, 318 N.W.2d 194, 199 (Iowa 1982).

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT AFFIRMED.