STATE of Iowa, Appellee,

v.

**Steven Keith SEE, Appellant.**

No. 93–1540.

Court of Appeals of Iowa.

March 30, 1995.

---

Raymond D. Perry, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., and Richard R. Phillips, County Atty., for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

DONIELSON, Chief Judge.

The defendant, Steven See, challenges the district court's denial of his motion to suppress and the sufficiency of the evidence to support ·his conviction for possession with intent to deliver a controlled substance. We have reviewed the parties' arguments, the record, and the applicable law, and affirm the conviction.

A police officer entered a bar looking for someone who was a suspect in a domestic abuse case. The defendant was in the bar but was not the suspect being sought by the police. The defendant left the bar. When

the officer called out to him, the defendant fled and the officer pursued him. During the course of the pursuit the officer saw the defendant reach into his coat. The officer thought the defendant was reaching for a weapon, but he was not.

After the defendant was apprehended, the officer retraced the route of the chase and found a plastic bag which contained three smaller bags. The officer believed the bags contained cocaine. The contents of the bags field-tested positive for the presence of cocaine. At the police station a smaller quantity of cocaine was found in the defendant's wallet.

After his arrest the defendant made a written statement in which he admitted he had used the cocaine found in his billfold and had been holding the bags found on the ground for another person. At trial the defendant claimed this statement had been coerced, and he denied he had been holding the bags found on the ground.

## I. IOWA RULE OF CRIMINAL PROCEDURE 10(4).

The defendant filed a motion to suppress the statements he made at the police station. He was arraigned on May 14, 1993, and his motion to suppress was filed fifty-four days later, on July 7, 1993. The State resisted on the basis the motion was untimely. The trial court found the only cause alleged for the failure to timely file the motion was that defendant was purportedly seeking additional information to support the motion. The court concluded this did not constitute good cause, and it denied the motion.

The Iowa Rules of Criminal Procedure require motions to suppress be raised prior to trial. Iowa R.Crim.P. 10(2)(c); *State v. Sykes*, 412 N.W.2d 578, 581 (Iowa 1987). Motions to suppress are to be filed no later than forty days after arraignment. Iowa R.Crim.P. 10(4).

The failure to raise a timely objection constitutes a waiver of the objection. *Sykes*, 412 N.W.2d at 581; Iowa R.Crim.P. 10(3). However, a court, for good cause shown, may grant relief from such waiver. Iowa

R.Crim.P. 10(3). The Iowa Supreme Court has been firm in holding unexcused late motions constitute a rule 10(3) waiver. *State v. Froning*, 328 N.W.2d 333, 335 (Iowa 1982).

The defendant's brief does not designate what the scope of appellate review is for this issue. The State asserts our review is for an abuse of discretion. We are unable to find authority on point, but note an abuse of discretion standard has been utilized in determining if there was good cause for excusing an untimely notice of an alibi defense. *See State v. Lewis*, 391 N.W.2d 726, 728 (Iowa App.1986). We conclude the same standard should apply when reviewing whether good cause existed for the filing of an untimely motion to suppress.

In his brief the defendant contends the desire to have available the strongest possible evidence prior to filing a motion to suppress is good cause to delay the filing of the motion. He argues his counsel's hope or expectation of developing further evidence constituted good cause excusing the late filing of his motion. The defendant cites no authority in support of his proposition, and we are aware of none.

There is nothing in the record to indicate defendant was not aware of the basis for his motion to suppress within the forty-day time period following his arraignment. Rather than timely file his motion, the defendant opted to delay in the hope of finding information which would support his claim of a coerced confession. The defendant has the burden to show the trial court abused its discretion. "We will not find an abuse of discretion unless it is shown that 'such discretion was exercised on grounds for reasons clearly untenable or to an extent clearly unreasonable.'" *See Lewis*, 391 N.W.2d at 728 (quoting *State v. Christensen*, 323 N.W.2d 219, 222 (Iowa 1982)). The defendant failed to demonstrate good cause for his untimely filing, and we find no abuse of discretion in the trial court's denial of his motion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL.

The defendant argues that if the trial court was correct in denying his motion

to suppress as untimely, then he was deprived of his constitutional rights due to his counsel's ineffectiveness in failing to file a timely motion. The failure to move to suppress inculpatory statements on voluntariness grounds can constitute the ineffective assistance of counsel. *See, e.g., State v. Rhiner*, 352 N.W.2d 258, 261 (Iowa 1984); *State v. Hrbek*, 336 N.W.2d 431, 436 (Iowa 1983). However, the defendant bears the burden to establish his counsel's performance fell outside a normal range of competency and the deficient performance so prejudiced him as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

We often reserve the issue of ineffective assistance of trial counsel for postconviction proceedings to allow development of an evidentiary record on the circumstances surrounding counsel's performance and the merits of the defendant's underlying claim of alleged error. *See Collins v. State*, 477 N.W.2d 374, 377 (Iowa 1991). In his appellate brief defendant's counsel offers some explanation for his delay in filing the motion to suppress. However, we are not persuaded this constitutes a sufficient record from which to address the claim of ineffective assistance of counsel. We decline to address this matter and preserve it for postconviction proceedings.

## III. SUFFICIENCY OF THE EVIDENCE.

■ The final three arguments in the defendant's brief all relate to the sufficiency of the evidence to support his conviction. "In determining whether the evidence is sufficient to support a conviction, the relevant inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)).

■ A review of the record reveals there was sufficient evidence of the defendant's possession of the cocaine. The defendant was observed reaching into his coat when he fled from the police. The plastic bags of cocaine were found upon the route where he had just been chased. At the station additional cocaine was found in the defendant's billfold. The defendant made a written statement admitting his possession of the plastic bags.

■ There was also sufficient evidence of the defendant's intent to deliver. Intent may be established by circumstantial evidence. *State v. Boyd*, 224 N.W.2d 609, 612 (Iowa 1974). The quantity and packaging of a controlled substance may be indicative of an intent to deliver. *See, e.g., State v. Luter*, 346 N.W.2d 802, 809 (Iowa 1984), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *Boyd*, 224 N.W.2d at 613. Testimony was offered by a police officer to establish the quantities found in the plastic bags were consistent with the sale of cocaine. Furthermore, an officer testified a notebook found in the defendant's possession contained names, fractional amounts and dollar figures consistent with notations of drug transactions.

The defendant strenuously argues the quantities found in the plastic bags were as likely to have been purchases for personal use as they were packages for sale. The jury was free to believe or disbelieve the defendant's theory that the packages were more consistent with personal use rather than distribution. The jury accepted the State's explanation of the packaging, and there was sufficient evidence of the defendant's intent to deliver.

■ Finally, the defendant claims the State failed to carry its burden in proving the substance found in the plastic bags on the ground was cocaine. A police officer testified he field-tested the substance and found it tested positive for cocaine. Another officer testified he sent a sample from the plastic bags and a sample from the substance found in the defendant's billfold to the DCI Criminalistics Laboratory for testing. The lab report reflects the lab received two sealed brown envelopes containing substances be-

lieved to be cocaine. Those substances were designated "Exhibit A" by the lab and were found to be cocaine.

While it would have been preferable for the DCI to designate the two samples as separate exhibits, its report clearly reflects two samples were received, the samples were jointly designated "Exhibit A" and the exhibit was found to contain cocaine. The State carried its burden of proof, and sufficient evidence supported the defendant's conviction for possession with intent to deliver.

**AFFIRMED.**