**STATE of Iowa, Appellee,**

v.

**Charles O. ELDRIDGE, Appellant.**

**No. 97–1275.**

Court of Appeals of Iowa.

Jan. 27, 1999.

R. Allen Corzine of Pieters, Pieters & Corzine, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

Heard by SACKETT, C.J., HUITINK, J., and PERKINS, S.J.,* but decided by SACKETT, C.J., and HUITINK, STREIT and VOGEL, JJ.

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997), deceased November 6,

HUITINK, J.

Charles Eldridge appeals from his convictions for possession of marijuana. We reverse and remand.

### I. Background Facts and Proceedings.

On February 11, 1997, police officers executed a search warrant at the Charles Finch residence in Waterloo. The warrant authorized police to search " ... Finch and any other persons located at the residence...." Because Eldridge was in the Finch residence at that time, he was searched. Eldridge was arrested and charged with this offense after police found marijuana on his person.

On February 27, 1997, attorney Robert Thompson filed a written appearance and not guilty plea for Eldridge. A trial information charging Eldridge with possession of marijuana was filed on March 11, 1997. Eldridge was arraigned on March 25, 1997. The arraignment order noted his not guilty plea and that Eldridge appeared without counsel. The court set a May 13, 1997, trial date and pretrial conference for May 7, 1997.

On May 7, 1997, an order was entered continuing the trial date to June 3, 1997. This order notes R. Allen Corzine and Robert Thompson as counsel of record. The order also states the hearing, presumably the May 13 trial, was continued to allow counsel an additional three weeks to prepare for trial. Corzine's written appearance as Eldridge's attorney was filed on May 12, 1997.

On May 28, 1997, Eldridge filed a motion to suppress evidence taken from him and statements made as the result of his February 11, 1997 search and arrest. Eldridge contended the warrants' provision for the search of "any other person located at the residence" was not supported by the requisite probable cause. This motion also provided:

> That this motion is made outside of the forty-day period set out by the rules of Criminal Procedure, but that the Defendant's failure to file this action within that period should be excused as he was pro se

1998.

and without the benefit of counsel until recently.

On May 29, 1997, Eldridge's trial was continued until July 15, 1997.

At the June 23, 1997 hearing on Eldridge's motion to suppress, the State made an oral "motion to dismiss the motion to suppress" on the grounds it was not timely filed. After considering evidence and arguments on the timeliness issue, the court stated:

> And thus after the arraignment, then he [Eldridge] contacts you [Corzine] and you file a motion after the forty-day period for the motion and the State is saying this is too late. And so the only good cause for this lateness is ignorance on the part of your client. And I am saying that your client's failure to understand the law is not good cause. That is my ruling.

Because the court found Eldridge failed to show good cause for the untimely filing of his motion to suppress, it was denied without addressing its merits.

Following a bench trial on stipulated evidence, the district court found Eldridge guilty of possession of marijuana. Eldridge was sentenced to a forty-five day jail term and probation for one year.

On appeal, Eldridge argues he has shown good cause for the untimely filing of his motion to suppress and it was error for the court to conclude otherwise. He also argues the search warrant authorizing all persons on the premises to be searched was issued without probable cause and all evidence and statements obtained as a result should be suppressed. Additionally, Eldridge argues he was denied effective assistance of counsel and was otherwise denied his Sixth Amendment right to counsel.

## II. Motion to Suppress.

■■ A motion to suppress evidence must be filed within forty days after arraignment. Iowa R.Crim. P. 10(2)(c); 10(4). Absent a showing of good cause, an untimely motion to suppress constitutes waiver of the grounds forming the basis for the motion. Iowa R.Crim. P. 10(3). What constitutes good cause for an untimely motion to suppress is a discretionary decision of the trial court. *State v. Lewis*, 391 N.W.2d 726, 728 (Iowa App.1986)(application of good cause standard in context of untimely notice of alibi defense). Factors considered in the application of this standard include the adequacy of the defendant's reasons for failure to comply with applicable rules of procedure and whether the State was prejudiced as a result. *State v. Christensen*, 323 N.W.2d 219, 222 (Iowa 1982). The defendant's interest in a full and fair trial must be weighed against the State's interest in avoiding surprise and unnecessary delays. *State v. Lewis*, 391 N.W.2d at 729. The preclusive sanctions of Rule 10(3) should not be imposed lightly. *Id.*

■■ We review determinations of good cause for an abuse of discretion. *State v. See*, 532 N.W.2d 166, 168 (Iowa App.1995). We will not find an abuse of discretion unless the trial court's action was clearly untenable or unreasonable. *State v. Christensen*, 323 N.W.2d at 222.

■ The premises underlying the district court's good cause determination were Eldridge's self-representation and presumptive knowledge of the law applicable to his case. If correct, Eldridge's self-representation would not excuse his failure to comply with applicable rules of criminal procedure. *See State v. Cooley*, 468 N.W.2d 833, 838 (Iowa App.1991)(citing *State v. Walker*, 236 N.W.2d 292, 295 (Iowa 1975)).

Although Thompson initially appeared for Eldridge, both testified he was not representing Eldridge at his arraignment.[1] The record also indicates Eldridge's March 10, 1997, application for court-appointed counsel was denied. Corzine was not retained until after the time for filing pretrial motions expired. While Eldridge believed he was representing himself, there is no record of his knowing and intelligent waiver of counsel or the district court's recognition of Eldridge's

---

1. At the hearing on the motion to suppress, Eldridge testified:
 Q. You have just heard the testimony of Mr. Thompson; is that correct?
 A. Yes.
 Q. Did you consider that you had hired Mr. Thompson?
 A. No.
 Q. Did you believe you were pro se?
 A. Pardon?
 Q. Representing yourself.
 A. Yes.

right of self-representation. *See State v. Rater*, 568 N.W.2d 655, 661 (Iowa 1997). In the absence of such a record, there is no showing Eldridge understood his situation or the consequences of self-representation. *See Reese v. State*, 391 N.W.2d 719, 723 (Iowa App. 1986). Because Eldridge was *unrepresented*, we think it was unreasonable to hold him to the same standard as a *self-represented* defendant who has made a knowing and intelligent waiver of the right to counsel. When considered in light of this distinction, we believe Eldridge's reasons for failing to timely file a motion to suppress were entitled to considerably more weight than the district court allowed.

We also fail to see how the State's interest in avoiding surprise and unnecessary delay were advanced by the district court's refusal to consider the merits of Eldridge's motion to suppress. The record indicates Corzine was granted three weeks to prepare for trial following his appearance. There was an additional six-week continuance granted after Eldridge's motion to suppress was filed. Under these circumstances, Eldridge's interest in a full and fair trial could be reasonably accommodated without any resulting prejudice to the State's interest. The district court abused its discretion by concluding Eldridge failed to meet his burden to show good cause for the untimely filing of his motion to suppress.

We are unable to resolve the merits of Eldridge's motion to suppress because they were not decided by the district court. *See State v. Hrbek*, 336 N.W.2d 431, 437 (Iowa 1983)(citing *State v. Hall*, 235 N.W.2d 702, 731 (Iowa 1975)). Because we have determined good cause supported Eldridge's untimely motion to suppress, the district court's contrary ruling is reversed and this case is remanded for consideration of the merits of Eldridge's motion to suppress.

Our resolution of this issue is dispositive and we need not consider other issues raised.

**REVERSED AND REMANDED.**

MAHAN and ZIMMER, JJ., take no part.