# IN THE COURT OF APPEALS OF IOWA

No. 13-1370
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY ALLEN MUNDY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.


        Discretionary review of the order denying the defendant's motion to suppress evidence as untimely.  **REVERSED AND REMANDED.**


        Jamie Hunter of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Joseph D. Crisp, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MCDONALD, J.**

This matter comes before the court on defendant Anthony Mundy's application for discretionary review of an order denying as untimely his motion to suppress evidence obtained after an allegedly illegal search of a hotel room occupied by Mundy and his fiancée. The supreme court granted the application and transferred the matter to this court. Mundy contends the trial court abused its discretion in not finding good cause to extend the time for filing his motion to suppress. We reverse and remand.

The State charged Mundy by trial information filed on June 26, 2013, with possession of a controlled substance, second offense. He was arraigned on June 27. The office of the public defender initially was appointed to represent Mundy; however, both the adult public defender and then the juvenile public defender withdrew from the representation due to a conflict of interest. On July 18, the trial court appointed Jamie Hunter to represent Mundy, and she filed her appearance the next day. On August 1, Mundy waived his right to a speedy trial. Without objection, the trial court set a pretrial conference for August 8 and rescheduled trial from August 19 to September 16.

On August 16, counsel filed the motion to suppress at issue. Iowa Rule of Criminal Procedure 2.11(4) provides that motions to suppress shall be filed "no later than 40 days after arraignment." It is undisputed that the motion to suppress was not timely filed in accord with rule 2.11(4). In the motion to suppress, counsel asserted good cause existed to extend the deadline for filing pretrial motions, citing her recent appointment and the fact her representation of

the defendant was complicated, including four total cases and fifteen separate counts. The State resisted the motion on the merits, on the ground Mundy lacked standing, and on the ground the motion was untimely. In a written order, the court denied the motion to suppress as untimely. The court declined to reach the merits of what it deemed "the monumental substantive issues."

The failure to timely file a motion to suppress "shall constitute waiver thereof, but the court, for good cause shown, may grant relief from such waiver." Iowa R. Crim. P. 2.11(3). "What constitutes good cause for an untimely motion to suppress is a discretionary decision of the trial court." *State v. Eldridge*, 590 N.W.2d 734, 736 (Iowa Ct. App. 1999). "Factors considered in the application of this standard include the adequacy of the defendant's reasons for failure to comply with applicable rules of procedure and whether the State was prejudiced as a result." *Id.* The trial court must weigh the defendant's interest in a full and fair trial against the State's interest in avoiding unfair surprise and unnecessary delay while also recognizing the sanctions imposed by rule 2.11 should not be imposed lightly. *See id.* We review the trial court's decision for an abuse of discretion. *See id.* We will not find an abuse of discretion unless the trial court's action was clearly untenable or unreasonable. *See id.*

Mundy argues his case is nearly identical to *State v. Jordan*, 779 N.W.2d 751, 755 (Iowa 2010). In *Jordan*, the defendant's counsel withdrew and new counsel was appointed eleven days after the forty-day period for pretrial motions and notices of defenses had expired. *See* 779 N.W.2d at 753. Almost one month after being appointed, counsel filed a notice of defense, a request for

appointment of an expert at State expense, and a request for an extension of time to file pretrial motions and notices of defense. *Id.* The district court denied the motion for an extension of time, concluding a change in counsel or trial strategy did not constitute good cause. *Id.* at 754. The case proceeded to trial, and Jordan was convicted. *Id.* On appeal, the supreme court concluded "Jordan's untimely motion did not amount to unfair surprise, an unnecessary delay, or cause other prejudice to the State." *Id.* The court explained trial was not imminent at the time Jordan filed the motion and the State thus had opportunity to prepare without prejudice to its case. The court also explained "[t]he appointment of new counsel . . . provided adequate grounds for the court to excuse the late filing." *Id.* While the *Jordan* court recognized "the appointment of new counsel will not always constitute good cause," it also concluded "a relevant factor to consider when evaluating the existence of good cause is the length of time an attorney has been involved in the case." *Id.* A finding of good cause was also supported, the court reasoned, because new counsel was only the second counsel appointed, "not his sixth or seventh, which would evidence an intent to cause delay." *Id.* Further supporting a finding of good cause for delay, newly appointed counsel "filed the contested motions within a month." *Id.* Finally, the *Jordan* court concluded the district court's determination was incomplete. Specifically, the "district court did not consider whether the State would be prejudiced by the late filing and gave little weight to Jordan's justifications for missing the motion deadline." *Id.* Concluding the district court abused its discretion in not finding good cause to extend the deadline and finding such

decision was not harmless error, the supreme court reversed the conviction and remanded the case. *Id.* at 756.

We agree that *Jordan* is dispositive of the question presented. Counsel in this case was appointed only after the public defender withdrew due to a conflict of interest. This supports a finding the defendant is not attempting to delay prosecution. As in *Jordan*, counsel here filed the contested motion within one month of being appointed. At the suppression hearing, counsel stated that it took several meetings with Mundy, as well as review of the numerous police reports, trial informations, surveillance videos, and other filings in all of Mundy's pending cases to determine there were grounds to suppress in this particular case. Counsel also stated that she filed the motion when it became apparent there were grounds for such a motion. Given the nature of the appointment, including the related cases and numerous counts, counsel was reasonably diligent in pursuing the motion. At the time counsel filed the motion to suppress, Mundy had already waived his right to speedy trial, and the trial court already had scheduled trial for a later date without objection. There is no indication that the motion to suppress constituted surprise or the timing of the motion resulted in prejudice to the State's case. Indeed, the State did not argue surprise or prejudice to the trial court and does not do so on appeal. Instead the State focuses solely on the reasons for the delay. While that might be appropriate in some circumstances, it is not here.

Most important, and similar to *Jordan*, the trial court in this case did not consider all relevant factors. In denying the motion to suppress as untimely, the trial court focused solely on the reason for delay:

> [I]n this case, the failure to timely file the motion to suppress is not supported by facts that fulfill the requirement for a waiver for good cause. Counsel was appointed early and could have made a motion to modify the time requirements even though she was dealing with notices of defense and other motions similar in nature. Counsel and defendant had ample time, notice, and the necessary facts to file a timely motion to suppress.

Neither the court's order, nor its statements during the suppression hearing show the court considered surprise to the State, the potential for unnecessary delay in the proceedings, or prejudice resulting from the untimely filed motion. In short, the trial court failed to conduct the "balancing test" of "carefully weighing the interest of the defendant in a full and fair trial against the interests of avoiding surprise and delays" as required by *Jordan* and *Eldridge*.

Weighing Mundy's interest in a full and fair trial against the State's interest in avoiding surprise and unnecessary delays, we conclude the trial court abused its discretion in not finding good cause for extending the filing deadline and denying Mundy's motion to suppress on procedural grounds. This is particularly true where the State does not even argue that the motion constituted surprise or resulted in prejudice. The sanction of rule 2.11 should not be applied so lightly. *See Jordan*, 779 N.W.2d at 755.

A further consideration militates in favor of finding good cause for delay. "It is the public policy of this state that litigation should be final at the earliest possible date." *State v. Ortiz*, 766 N.W.2d 244, 250 (Iowa 2009). The failure to timely file a motion to suppress could give rise to an ineffective-assistance-of

counsel claim in the event Mundy were convicted. *See State v. Rhiner*, 352 N.W.2d 258, 261, 264 (Iowa 1984) (holding failure to timely file a motion to suppress that the court should have granted is cause for an ineffective-assistance-of-counsel claim and a reversal of the verdict). Public policy and judicial economy favor avoiding additional litigation in the form of postconviction relief proceedings to determine the merits of the motion to suppress that could have been ruled on by the trial court. *See Ortiz*, 766 N.W.2d at 250 ("To avoid additional litigation in this matter the court did the proper thing by considering the motion rather than waiting for its merits to be determined in a postconviction relief proceeding."). This is not to say the specter of a looming ineffective-assistance-of-counsel claim excuses non-compliance with the rule 2.11. But where, as here, the State does not articulate any reason for disallowing the untimely filed motion other than mere non-compliance, the interests of judicial economy should be a factor in the trial court's consideration.

We are unable to resolve the merits of Mundy's motion to suppress because it was not decided by the district court. *See Eldridge*, 590 N.W.2d at 737 (citing *State v. Hrbek*, 336 N.W.2d 431, 437 (Iowa 1983)). Because we have determined good cause supported Mundy's untimely motion to suppress, the trial court's contrary ruling is reversed. This case is remanded for consideration of the motion on the merits and further proceedings.

**REVERSED AND REMANDED.**