# IN THE COURT OF APPEALS OF IOWA

No. 14-1687
Filed October 14, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ELENITA GAY OWENS CELINDRO,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Colleen D. Weiland, Judge.

The defendant appeals her convictions and sentences. **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm Mason City, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller, Assistant Attorneys General, and David Solheim, County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

At approximately 1:15 a.m., in an industrial area on the outskirts of Forest City, a sheriff's deputy spotted a person standing outside her car in front of a heating and plumbing business, which was closed for the night. The vehicle was backed up to the doors of the building with the driver-side door ajar and the trunk open. Suspicious, the deputy followed the vehicle from that location to a storage facility and conducted a traffic stop. The defendant, Elenita Celindro, was the driver of the vehicle. Celindro consented to a canine search of the vehicle but explained the vehicle belonged to her daughter. The canine alerted to the presence of controlled substances. The deputy searched the vehicle and smelled a strong odor of freshly cooked methamphetamine. In the trunk of the vehicle, the deputy found syringes, baggies, a digital scale, a spoon with white residue on it, and methamphetamine divided up into several different baggies and containers. The total quantity of methamphetamine was 1.27 grams. Following a jury trial, Celindro was convicted of possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(6) (2013). She raises several challenges to her conviction.

Celindro argues the district court should not have allowed the deputy to testify about the facts and circumstances surrounding the stop of the vehicle. She argues the probative value of testimony related to the stop is outweighed by the danger of unfair prejudice. *See* Iowa R. Evid. 5.403. We conclude Celindro failed to preserve error on the issue. Celindro filed a motion in limine to exclude the testimony. The district court appears to have denied the motion. At trial, the

defendant failed to object to the testimony. "Generally, the district court's ruling on a motion in limine is not subject to appellate review because the error, if any, occurs when the evidence is offered at trial and is either admitted or refused." *See Wailes v. Hy-Vee, Inc.*, 861 N.W.2d 262, 264 (Iowa Ct. App. 2014). "Thus, 'error claimed in a court's ruling on a motion in limine is waived unless' the error is preserved at trial when the evidence is offered." *See id.* "There is an exception to this general rule, however[, . . . w]here the district court's ruling on a motion in limine is unequivocal, 'the decision on the motion has the effect of an evidentiary ruling' and thus preserves the issue for appellate review." *Id.* The district court's ruling here was not unequivocal, and we thus conclude error was not preserved.

The defendant contends the district court abused its discretion by allowing the sheriff's deputy to testify outside the scope of the minutes of testimony. Specifically, Celindro contends the district court abused its discretion in allowing the deputy to testify the items found in the trunk of the vehicle were consistent with the intent to deliver the controlled substance. Iowa Rule of Criminal Procedure 2.5(3) provides "the minutes of evidence . . . shall consist of . . . a full and fair statement of the witness' expected testimony." "Compliance is mandatory, not as a matter of ritual, but in order to 'fully and fairly' apprise a criminal defendant of the testimony to be expected at trial. The minutes must alert defendant generally to the source and nature of the evidence against him." *State v. Musso*, 398 N.W.2d 866, 868 (Iowa 1987) (citation omitted). "When the minutes fail to adequately do so to defendant's prejudice a reversal will follow."

*Id.* "When the challenged minutes, though incomplete, put defendant on notice of the necessity of further investigation of the witness' probable testimony, reversal need not follow admission of matters they do not disclose." *Id.*

We conclude the district court did not abuse its discretion in allowing the challenged testimony. First, the district court actually sustained Celindro's counsel's objection to the testimony and disallowed the deputy from testifying whether the specific items seized supported an inference of intent to deliver in this case. The district court did allow the officer—based on his training, experience, and education—to testify regarding the kinds of items, generally, that would be associated with the delivery of controlled substances. Second, the minutes of testimony provided fair notice of the deputy's testimony. The minutes provided the deputy "will testify regarding his training, experience, and education in law enforcement." The minutes further provided the deputy "will testify to the report made of this incident, a copy of which is attached and incorporated herein." The incorporated report details the facts and circumstances surrounding the stop, the contraband and controlled substances found in the vehicle, and the conversations between the deputy and Celindro, including their conversation regarding their past experience with each other in another controlled substance investigation. The deputy's testimony fell within the general description of the expected testimony set forth in the minutes. *See State v. Bennett*, 503 N.W.2d 42, 47 (Iowa Ct. App. 1993).

Finally, the defendant challenges the sufficiency of the evidence supporting her conviction. We review a challenge to the sufficiency of evidence

for correction of errors at law. *See State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We "consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it." *Id.* at 439–40 (citation omitted) (internal quotation marks omitted). "If a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial." *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). But "[e]vidence that raises only 'suspicion, speculation, or conjecture' is not substantial evidence." *Id.* (citation omitted).

When viewed in the light most favorable to the verdict, we conclude there is substantial evidence in support of the verdict. The defendant was stopped in the middle of the night in an isolated industrial area. Her stated reason for being there (to pay her storage facility bill) made no sense. The deputy discovered methamphetamine in two separate containers inside the trunk of the vehicle the defendant was driving. The defendant was the only person in the vehicle. The deputy saw her minutes prior to the stop standing outside the vehicle with the trunk open. The methamphetamine was divided into separate containers, from which the jury could infer the methamphetamine was packaged for sale. The methamphetamine was pasty and tacky, indicating it was recently cooked. The deputy also found scales and baggies, which are consistent with drug trafficking. *See State v. Sykes*, 412 N.W.2d 578, 585 (Iowa 1987) (holding scales and plastic bags supported inference of intent to deliver); *State v. See*, 532 N.W.2d 166, 169 (Iowa Ct. App. 1995) ("The quantity and packaging of a controlled

substance may be indicative of an intent to deliver."). We acknowledge Celindro's argument that the State's case included circumstantial evidence, but "[i]ntent may be established by circumstantial evidence." *See*, 532 N.W.2d at 169. We further acknowledge Celindro's testimony that she had no knowledge of the methamphetamine in the trunk of the vehicle and that her daughter was in a drug treatment facility for methamphetamine addiction. "[W]hen the testimony is disputed or, if undisputed, when different inferences may be drawn from it, the question is one of fact for the jury." *Sykes*, 412 N.W.2d at 584. We decline to disturb the jury's verdict.

**AFFIRMED.**