# IN THE COURT OF APPEALS OF IOWA

No. 18-0606
Filed December 18, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**UNTRIL D. OVERSTREET,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II Judge.

Until Overstreet appeals multiple criminal convictions stemming from a traffic stop. **AFFIRMED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Untril Overstreet appeals multiple criminal convictions stemming from a traffic stop. He raises two arguments on appeal: (1) the district court abused its discretion in denying his request to continue trial for the purpose of filing a motion to suppress and (2) his attorneys rendered ineffective assistance in failing to move for suppression of evidence obtained following the stop on the basis that the stop was pretextual and therefore in violation of article I, section 8 of the Iowa Constitution. We address his arguments in turn.

Motions to suppress must be filed within forty days after arraignment. Iowa R. Crim. P. 2.11(2)(c), (4). The time for filing may be extended for "for good cause shown." Iowa R. Crim. P. 2.11(3). "Absent a showing of good cause, an untimely motion to suppress constitutes waiver of the grounds forming the basis for the motion." *State v. Eldridge*, 590 N.W.2d 734, 736 (Iowa Ct. App. 1999). We review good-cause determinations and rulings on motions to continue for an abuse of discretion. *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000) (motion to continue); *Eldridge*, 590 N.W.2d at 736 (good cause). This is our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds of for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Walker*, ___ N.W.2d ___, ___, 2019 WL 6222902, at *2 (Iowa 2019) (quoting *State v. Tipton*, 897 N.W.2d 653, 690 (Iowa 2017)).

A hearing was held less than a week before trial, at which Overstreet waived his right to a jury trial and requested a bench trial. At the hearing, Overstreet demanded his trial date remain set—he noted he did not want a jury trial but stated

he would proceed with the scheduled jury trial if waiver would result in his trial being delayed. The court assured him trial to the bench would proceed on the day previously scheduled for jury trial. After the court accepted the jury trial waiver, defense counsel advised the court she had previously told Overstreet she would be filing a motion to suppress but she ultimately failed to do so. She added she would not have time to do so with the looming trial date and repeated Overstreet did not want his trial continued. The court essentially asked Overstreet if he would like a continuance so he could have more time to file a motion to suppress. Overstreet responded "All I'm saying is she should have done it. I'm not answering no more questions as far as that." Then, the morning of trial, defense counsel advised the court Overstreet changed his mind. She requested a continuance of trial and the scheduling of a suppression hearing. The State resisted, noting the timelines had expired and defense counsel had been appointed to represent Overstreet several months before trial. Considering the timelines and having "review[ed] the case in preparation for trial," the court denied the motion.

Upon our review, we are unable to conclude the court's discretionary decision was clearly unreasonable or based on clearly untenable grounds or reasons. *See id.* The court was not provided with a concrete reason for the delay or any indication of what the basis for the motion to suppress would be. We affirm the district court's denial of the motion to continue.

In any event, even if the court had abused its discretion in denying the motion to continue, Overstreet only argues on appeal that one suppression argument was meritorious. This brings us to his ineffective-assistance-of-counsel claim. If it lacks merit, then any abuse of discretion in denying the motion to

continue was harmless. *See State v. Reynolds*, 765 N.W.2d 283, 288 (Iowa 2009), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 & n.3 (Iowa 2016).

Overstreet claims his attorneys rendered ineffective assistance in failing to move for suppression of evidence obtained following the traffic stop on the basis that the stop was pretextual and therefore in violation of article I, section 8 of the Iowa Constitution. We review both constitutional issues and claims of ineffective assistance of counsel de novo. *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). Overstreet "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). A failure to register meritless arguments or motions does not amount to ineffective assistance of counsel. *See Lilly*, 930 N.W.2d at 390; *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

Our supreme court recently declined to overrule longstanding precedent holding that pretextual stops are permissible under the Iowa Constitution. *See State v. Brown*, 930 N.W.2d 840, 846–54 (Iowa 2019); *see also State v. Haas*, 930 N.W.22d 699, 702 (Iowa 2019) (describing the *Brown* decision to be "consistent with precedent in Iowa"). Had the argument been raised before the district court, the court would have been required to follow said precedent, which forecloses

Overstreet's argument under the facts of his case. We find counsel was under no duty to pursue the meritless argument and Overstreet was not prejudiced.

We conclude the district court did not abuse its discretion in denying Overstreet's motion to continue and Overstreet's attorneys were not ineffective as alleged. We affirm Overstreet's convictions.

**AFFIRMED.**