# IN THE COURT OF APPEALS OF IOWA

No. 18-2241
Filed April 15, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**HEIDI FIEMS,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Emily Dean,

District Associate Judge.

Heidi Fiems appeals her conviction for child endangerment.  **AFFIRMED.**

William (Bill) Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

Heidi Fiems appeals her conviction for child endangerment. On appeal, she raises two ineffective-assistance-of-counsel claims and challenges two evidentiary rulings of the trial court. We find Fiems did not establish she received ineffective assistance and the court did not abuse its discretion in the evidentiary rulings. We affirm.

**I. Background Facts & Proceedings**

On October 20, 2017, the Iowa Department of Human Services (DHS) was referred to the home of Fiems and her husband in response to an allegation of denial of critical care. It was alleged one of Fiems's children had been locked in a basement and was not getting proper care.

Fiems showed the DHS social worker a bedroom on the second floor of the house that Fiems said the child shared with several cats. They also went to the basement where the worker saw a room with a lock on the outside of the door. The room had damage to the floor and walls; the walls' damage included holes a cat could get through. The room did not contain any furniture. The room had a single, small window high on the outside wall. The basement did not have a restroom or exit to the outside. Fiems admitted this basement room was also used as a bedroom for the child.

Fiems and her husband told the worker they were locking the child in the basement room at night because the child would wander, would eat food and non-food items, and had behavioral issues. They reported the child's bed was kept in another part of the house during the day and not in the child's room. Fiems later stated the child slept on a cot in the basement room and the room's state of

disrepair was due to the child's destructive behaviors.  According to Fiems, the child resisted any efforts to move back upstairs with the rest of the family even though the basement room was locked for up to twelve hours a night without anyone checking on the child or providing an opportunity to use the restroom.

In January 2018, Fiems was charged with child endangerment, an aggravated misdemeanor, in violation of Iowa Code section 726.6(1)(a) (2017). The matter proceeded to a jury trial in October.  At the opening of the trial, the court asked the State to "read the trial information and state the defendant's plea."[1]  The State read the trial information from the caption through the endorsement and signature of the county attorney, then stated, "To this charge the defendant has pled not guilty."

Following a three-day trial, the jury found Fiems guilty of child endangerment.  The court denied Fiems's post-trial motions in arrest of judgment and for a new trial.  Fiems appeals.  Additional facts will be set forth below where relevant.

## II.  Standard of Review

"We review ineffective-assistance-of-counsel claims de novo.  'Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence that counsel both failed an essential duty and that the failure resulted in prejudice.'"  *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019) (citations

---

[1] Fiems's husband was also charged and was co-defendant at trial.  This court affirmed his conviction.  *State v. Fiems*, No. 18-2186, 2019 WL 5428860, at *1 (Ioww Ct. App. Oct. 23, 2019).

omitted). "Failure to prove either prong is fatal to an ineffective-assistance-of-counsel claim." *Id.*

We review evidentiary rulings for an abuse of discretion. *Powers v. State*, 911 N.W.2d 774, 780 (Iowa 2018).

### III. Analysis

Fiems recognizes some of her claims were not raised during trial and therefore not preserved. As a result, she asserts these claims in the context of ineffective assistance of counsel.[2] She also challenges two evidentiary decisions by the trial court.

**A. Ineffective assistance of counsel.**

*1. Reading the trial information and plea.* Fiems first alleges prosecutorial misconduct and related error resulting from the court directing the State to read the trial information and the State then reading all portions of the trial information without objection. Fiems claims the State should have read only the "accusation from the indictment" and that reading the entire trial information—particularly the sentence "This is a true information"—constituted "prejudicial theatrics." Fiems further claims the State purposely did not tell the jury her plea of not guilty "was certified as true and correct." She asserts her counsel's failure to object constituted ineffective assistance.

---

[2] We recognize Iowa Code section 814.7 was recently amended to prohibit consideration of ineffective-assistance claims on direct appeal. *See* Iowa Code § 814.7 (2020). In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). Because this appeal was pending on July 1, 2019, we may consider Fiems's ineffective-assistance claim on direct appeal if the record is sufficient. *See id.*

This court has already rejected a similar claim, which Fiems asks us to overrule. *See State v. Cagle*, No. 17-1663, 2019 WL 1936271 (Iowa Ct. App. May 1, 2019). In *Cagle*, this court considered whether the reading of the entire trial information constitutes error. *Id.* at *3–4. After examining rules 2.4 and 2.5 of the Iowa Rules of Criminal Procedure, the *Cagle* court held, "Reading the trial information to the jury is required by the rules of criminal procedure and complying with the rule is not misconduct." *Id.* at *4. Further, because reading the entire information complied with the rules and was not misconduct, "Cagle's trial counsel was not obligated to object." *Id.* at *3.

Rule 2.19(1)(a)(1) requires "[t]he clerk or prosecuting attorney . . . read the accusation from the indictment or the supplemental indictment, as appropriate, and state the defendant's plea to the jury." Fiems contends the *Cagle* court did not fully consider rule 2.4(7), which identifies the necessary contents of an indictment. Fiems implies only the elements included in rule 2.4(7)—the name of the accused; the name, degree, and statutory provision of the offense; a statement of time and place of offense if material; and a brief statement of acts or omissions alleged— should be read to the jury to comply with rule 2.19(1)(a)(1). Nothing in rule 2.4(7) causes us to question the holding in *Cagle*, and we decline to overrule it.

The text of a trial information states the county attorney accuses a defendant of a crime, then generally explains the conduct constituting the offense. The statement "this is a true information" is not a personal opinion regarding the guilt of the accused, it is a verification the State accuses the person of the described offense and is a required part of the trial information. Iowa R. Crim. P. 2.5(2) ("An information shall be endorsed 'a true information' and shall be signed

by the prosecuting attorney."); *see Cagle*, 2019 WL 1936271, at *4 ("We also point out that the prosecutor reading the trial information . . . is not making a statement that the contents are true, but that the document is what it purports to be—a trial information prepared by the prosecuting authority."). Moreover, the jury instructions contained a disclaimer stating, "The trial information is the document that formally charges the defendant[] with a crime and is merely the method by which the defendant[ is] brought into court for trial. It is not evidence." This instruction eliminates Fiems's claim of prejudice. *See Cagle*, 2019 WL 1936271, at *4. Fiems has not established she received ineffective assistance on this claim.

2. *Jury instruction.* Our supreme court has stated: "[I]n Iowa we have consistently held if a general verdict is returned in which one theory should not have been submitted and we cannot determine which theory the jury embraced, the verdict is flawed." *State v. Tipton*, 897 N.W.2d 653, 681 (Iowa 2017). Fiems claims counsel should have objected to the marshalling jury instruction and the failure to do so resulted in an unsupported general verdict. Fiems indicates this section includes an unsupported alternative: "[The child] was under the age of fourteen years, or a mentally handicapped minor under the age of eighteen years." No evidence was presented at trial to support the "mentally handicapped minor" alternative. Consequently, that alternative should not have been submitted. Fiems claims that because it is not possible to determine whether the jury based its verdict on a finding the child was under the age of fourteen, or on a finding that the child was under the age of eighteen with a mental handicap, we must reverse. We disagree.

When a defendant challenges a jury instruction in the context of an ineffective-assistance-of-counsel claim, the defendant bears a different burden than in a direct appeal of a general verdict of guilty. *See State v. Thorndike*, 860 N.W.2d 316, 321 (Iowa 2015) (examining a superfluous alternative in the marshalling instruction).

Consequently, Fiems "must affirmatively demonstrate counsel's alleged deficiency undermines our confidence in the verdict and therefore resulted in prejudice entitling [her] to a new trial." *See id.* at 321–22. Fiems makes no claim the superfluous section contradicted another instruction. *See id.* at 322. Moreover, the instruction is a correct statement of the law.[3] As in *Thorndike*, the record here does not convince us the outcome would have been different if defense counsel had objected to the superfluous alternative. *See id.* at 322. Fiems does not dispute the child was under the age of fourteen at the time of her actions—and she testified at trial about the child's age. Even had Fiems's counsel made the objection, the court would simply have removed the alternative and otherwise provided the same instructions. *See id.* No juror could have reasonably found the alternative applied, or that the age element was not met.

Under these circumstances, we are confident the jury reached its verdict on the proper basis. Fiems has failed to establish the necessary prejudice to prevail on this claim.

---

[3] Iowa Code section 726.6(1) applies to persons "having custody or control over a child or a minor under the age of eighteen with a mental or physical disability." Section 702.5 defines a child as "any person under the age of fourteen years."

**B. Evidentiary rulings.** Fiems challenges two evidentiary rulings by the district court.

*1. Medical evidence.* Fiems claims the court abused its discretion by excluding a medical record of the child as hearsay. Fiems sought to admit a medical record of a sleep-study appointment the child had the week before trial. Fiems downloaded a copy of the record from the hospital's online portal the day before trial. The sleep-study report included among its recommendations confinement in a bedroom. Fiems claims the report should have been admitted under the business-records exception to the hearsay rule.[4]

"[W]e review rulings on hearsay for the correction of legal error" because a district court has no discretion in the admission of hearsay without an enumerated exception permitting it. *State v. Veverka*, 938 N.W.2d 197, 202 (Iowa 2020).

Rule 5.803 of the Iowa Rules of Evidence specifies exceptions to the rule against hearsay that apply whether or not the declarant is available as a witness. On appeal, Fiems contends the evidence should have been admitted under the business-records exception to the hearsay rule.

To admit a business record and avoid exclusion as hearsay, a party must establish a foundation for the record, including:

> (1) That it is a business record;
> (2) That it was made at or near the time of an act;
> (3) That it was made by, or from information transmitted by, a person with knowledge;
> (4) That it was kept in the course of a regularly conducted business activity;
> (5) That it was the regular practice of that business activity to make such a business record.

---

[4] Fiems asserts the business-records exception rather than the exception for statements made for purposes of medical diagnosis or treatment.

*State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008). The conditions must be "shown by the testimony of the custodian or another qualified witness" or be certified by the custodian. Iowa R. Evid. 5.803(6)(D). The opposing party then has a chance to show the source of information or the preparation of the record indicate a lack of trustworthiness. Iowa R. Evid. 5.803(6)(E).

Fiems did not offer testimony from the doctor or other party involved in creating or keeping the record, a certification from a custodian of the proffered record, or a stipulation to the document's admission. Without the required foundation, the proposed exhibit did not qualify for the business-records exception. *See Reynolds*, 746 N.W.2d at 842–43. The district court did not abuse its discretion in refusing to admit the document.

*2. Opinion testimony.* Finally, Fiems claims a witness's testimony went beyond the scope described in the minutes of testimony.[5]

While the minutes of testimony must provide a "full and fair statement" of a witness's expected testimony, they "need only be sufficient to alert the defendant generally to the source and nature of the evidence against him." *State v. Mehner*, 480 N.W.2d 872, 877 (Iowa 1992). "Whether testimony is within the scope of the minutes must be decided on a case by case basis." *State v. Ellis*, 350 N.W.2d 178, 181 (Iowa 1984) "[W]hen the challenged minutes, though incomplete, put defendant 'on notice of the necessity of further investigation of the witness'[s]

---

[5] Fiems filed a motion in limine to limit testimony to the scope listed in the minutes of testimony and limit opinion testimony, among other things. The court granted those portions of the motion.

probable testimony,' reversal need not follow admission of matters they do not disclose." *State v. Musso*, 398 N.W.2d 866, 868 (Iowa 1987) (citation omitted).

Eleven days prior to trial, the State filed a notice of additional minutes, naming a fire marshal. The minutes of testimony stated the marshal "will testify to his training, education, and experience as a fire marshal" and testify to facts, and circumstances related in other depositions and testimony. Fiems claims the minutes did not provide sufficient notice the marshal would be providing expert testimony or express an opinion on the safety of the basement room.

The marshal testified as to the legal requirements for a bedroom in a basement. In particular, the marshal testified what building safety codes require for egress for doors or legal egress windows, smoke detection, and carbon monoxide and gas detection. He testified a basement room as described by the State would be unsafe in the event of a fire. However, on cross-examination the marshal agreed many buildings are "grandfathered" in and not subject to the building codes.

The marshal's testimony was within the scope of the minutes of testimony, based on his objective knowledge acquired from his training, education, and experience as a fire marshal. Fiems was charged with acting in a manner creating substantial risk to the child's safety. Under the circumstances, Fiems was on notice of the marshal's probable testimony. The court did not abuse its discretion in overruling Fiems's motion to exclude the marshal's testimony.

**AFFIRMED.**