# IN THE COURT OF APPEALS OF IOWA

No. 21-0433
Filed November 3, 2021

**JOE TONY VRBAN,**
Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Terry Rickers, Judge.

Joe Vrban appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Joe Vrban appeals the summary disposition of his application for postconviction relief on statute-of-limitations grounds. He argues the district court should have applied equitable tolling to except him from the statute of limitations and not adopting said doctrine violates his constitutional rights to due process and equal protection.

While the State does not contest error preservation, we do. *See, e.g.*, *State v. Bergmann*, 633 N.W.2d 328, 332 (Iowa 2001) ("Although the State concedes that error has been preserved . . . , we disagree."); *Top of Iowa Co-op v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising the issue at trial or on appeal."). Vrban states he preserved this issue by arguing it at the hearing on the State's motion for summary disposition. The portion of the transcript he cites only discloses a request for the untimely filing to be considered timely based on "good cause." No argument for equitable tolling or the unconstitutionality of its inapplicability under Iowa law was made, nor did the court's ruling address the issues. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 413 (noting appellate courts are courts of review, not first view).

In any event, equitable tolling does not apply to the statute of limitations contained in Iowa Code section 822.3 (2020). *Stockdall v. State*, No. 20-1339,

2021 WL 3662314, at *1 (Iowa Ct. App. Aug. 18, 2021) (collecting cases), *further review denied* (Oct. 12, 2021). To the extent Vrban argues for a new "good cause" standard to except him from the statute of limitations based on his status as an unrepresented applicant, the statute contains no such exception, and the only Iowa case he cites, which allowed the late filing of a motion to suppress in a criminal case, was due to a rule that allowed for untimely filings of such motions based on good cause. *See State v. Eldridge*, 590 N.W.2d 734, 736–37 (Iowa Ct. App. 1999). Because section 822.3 does not provide for such an exception, *Eldridge* is inapposite. In any event, "the law does not judge by two standards, one for lawyers and another for lay persons." *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995).

We affirm the summary disposition of Vrban's application for postconviction relief.

**AFFIRMED.**