■ JOHN A. WHEELER et al., Appellants, v GRANDE'VIE SE-
NIOR LIVING COMMUNITY, Respondent. [819 NYS2d 188]—

Kane, J. Appeal from an order of the Supreme Court (O'Brien,
III, J.), entered April 1, 2005 in Chenango County, which
granted defendant's motion for summary judgment dismissing
the complaint.

Plaintiff John A. Wheeler (hereinafter plaintiff) went to
defendant's assisted living facility to help his mother-in-law
move. When he arrived, it was snowing and someone was plow-
ing the parking lot. After moving some items, plaintiff asked for
assistance. In response, Daniel Marsh, one of defendant's main-
tenance workers, brought a dolly to move a table. Marsh led
plaintiff to an emergency exit which was closer to his vehicle
than the main door, deactivated the alarm and exited through
that door. Marsh led the dolly down a recently shoveled and
salted ramp, but plaintiff walked down some nearby stairs lead-
ing to the same walkway. Soon after stepping onto the walkway,
which plaintiff saw had been shoveled earlier and was covered
with only about one inch of snow, he slipped on ice beneath the
snow. As a result of injuries sustained in his fall, plaintiff and
his wife, derivatively, commenced this personal injury action.
Defendant moved for summary judgment. Supreme Court
granted that motion because there was a storm in progress at
the time of plaintiff's fall. Plaintiffs appeal.

Because there was a storm in progress and plaintiffs failed to
raise questions of fact regarding any exception to that doctrine,
we affirm. A landowner's duty to take reasonable measures to
remedy a storm-created snow or ice condition does not com-
mence until a reasonable time after the storm has ceased (*see
Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595, 595 [2004]). While
defendant had no obligation to remove any snow or ice during
the storm, liability may result if the efforts it did take created a
hazardous condition or exacerbated the natural hazards created
by the storm (*see Marrone v Verona*, 237 AD2d 805, 805 [1997],
*lv dismissed* 90 NY2d 885 [1997]). Defendant submitted suf-
ficient proof that a snow storm was in progress at the time of
plaintiff's fall; plaintiffs concede this. The burden then shifted
to plaintiffs to raise a triable issue of fact, specifically regarding
their allegations that defendant's snow-removal efforts either
created a dangerous condition or exacerbated the storm-created
condition (*see Mangieri v Prime Hospitality Corp.*, 251 AD2d
632, 633 [1998]; *see also Sanders v Wal-Mart Stores, Inc., supra*
at 595). "[T]he mere failure to remove *all* snow and ice from a

sidewalk or parking lot does not constitute negligence" and does not constitute creation of a hazard (*Gentile v Rotterdam Sq.*, 226 AD2d 973, 974 [1996]). Plaintiffs' evidence failed to raise questions of fact regarding whether defendant created or exacerbated a hazard, thus they failed to meet their burden (*see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 666-667 [2003]; *Marrone v Verona, supra* at 806; *compare Burleigh v General Elec. Co.*, 262 AD2d 774, 775 [1999]).

Plaintiffs also failed to support their argument that defendant is liable because Marsh failed to warn plaintiff of the icy condition. Generally, there is no duty to warn of icy conditions during a storm in progress (*see Chapman v Pounds*, 268 AD2d 769, 771 [2000]). Plaintiffs argue that defendant had a duty here because its employee led plaintiff out an otherwise locked door to a snow-covered path. Even if we were to find such a duty under the circumstances of this case, this argument fails for two reasons. First, it is based on speculation that the ice was present when someone from defendant's maintenance crew shoveled the walkway earlier that morning. Additionally, plaintiff did not follow Marsh down the shoveled and salted ramp, but instead chose to walk down the stairs onto the snow-covered walkway. Hence, Supreme Court properly granted defendant's motion for summary judgment.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.