# IN THE COURT OF APPEALS OF IOWA

No. 13-1667
Filed December 24, 2014

**LELINE C. WAILES,**

Plaintiff-Appellant,

**vs.**

**HY-VEE, INC. and DEREK WEBB,**
**d/b/a WEBB SNOW REMOVAL,**

Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.

Plaintiff appeals judgment dismissing her personal injury claim.

**AFFIRMED.**

John J. Gajdel, Urbandale, for appellant.

Kermit B. Anderson of Finley, Alt, Smith, Scharnberg, Craig, Hilmes &

Gaffney, P.C., Des Moines, for appellee Hy-Vee, Inc.

Clark I. Mitchell of Grefe & Sidney, P.L.C., Des Moines, for appellee Derek

Webb.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Leline Wailes sued Hy-Vee, Inc., and Derek Webb d/b/a Webb Snow Removal after Wailes slipped and fell in the parking lot of a Hy-Vee store on a snowy day. Hy-Vee had contracted with Webb to perform snow removal services at the premises. The jury found the defendants not at fault, and the district court entered judgment on the verdict. Wailes filed a motion for new trial, arguing (1) the district court abused its discretion in excluding evidence regarding the defendants' post-fall use of ice melt and post-fall snow removal efforts and (2) the district court erred in instructing the jury on the "continuing storm" doctrine. The district court denied the motion, and Wailes appealed. Our review of a district court's denial of a motion for new trial is based on the grounds asserted in the motion. *See Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006).

I.

We first address the evidentiary issue. The district court sustained Hy-Vee and Webb's motions in limine to exclude evidence that sand and salt were applied to the parking lot after Wailes fell and to exclude evidence that Webb began to push the snow away from the store after Wailes fell. Wailes contends the district court abused its discretion in excluding the evidence. Hy-Vee and Webb contend the issue is not preserved for review.

Generally, we review a district court's evidentiary rulings for an abuse of discretion. *See Hall v. Jennie Edmundson Mem'l Hosp.*, 812 N.W.2d 681, 685 (Iowa 2012). However, a "ruling sustaining a motion in limine is generally not an

evidentiary ruling." *Quad City Bank & Trust v. Jim Kircher & Assoc., P.C.*, 804 N.W.2d 83, 89-91 (Iowa 2011). "Rather, a ruling sustaining a motion in limine simply adds a procedural step to the introduction of allegedly objectionable evidence." *Id.*

Generally, the district court's ruling on a motion in limine is not subject to appellate review because the error, if any, occurs when the evidence is offered at trial and is either admitted or refused. *See id.* Thus, "error claimed in a court's ruling on a motion in limine is waived unless" the error is preserved at trial when the evidence is offered. *See State v. Alberts*, 722 N.W.2d 402, 406 (Iowa 2006). There is an exception to this general rule, however. When the court's ruling on a motion in limine is unequivocal and leaves no question that the challenged evidence will or will not be admitted at trial, counsel need not take steps at trial to preserve error. *See id.* Where the district court's ruling on a motion in limine is unequivocal, "the decision on the motion has the effect of [an evidentiary] ruling" and thus preserves the issue for appellate review. *State v. Tangie*, 616 N.W.2d 564, 569 (Iowa 2000).

We conclude Wailes failed to preserve error. Wailes did not offer the evidence at trial and thus never obtained an "evidentiary ruling" on the admissibility of the challenged evidence. The exception to the general rule is not applicable here because the district court's ruling on the motions in limine was equivocal. In granting the motions, the district court stated "things can change at trial," and "I could change my ruling." The court further stated "if it changes during trial, then I'll revisit it." Accordingly, error was not preserved. *See Holst v.*

*Countryside Enters., Inc.*, 14 F.3d 1319, 1323 (8th Cir. 1994) (holding that a party failed to preserve error by not pursuing a ruling at trial where the court's motion in limine ruling invited the party to attempt to admit the evidence during trial); *see also State v. Frazier*, 559 N.W.2d 34, 39 (Iowa Ct. App. 1996) (finding error not preserved when court granted continuance to allow additional investigation, yet the challenged evidence was not offered at trial); *State v. Delaney*, 526 N.W.2d 170, 177 (Iowa Ct. App. 1994) (finding error not preserved when opposing party did not renew objection to proffered evidence at trial); *State v. Griffey*, 457 N.W.2d 13, 16 (Iowa Ct. App. 1990) (finding error not preserved when no offer of proof made at trial).

## II.

We next address the jury instruction issue. Wailes contends the district court erred in overruling her objection to the last paragraph of Instruction 12. The instruction provides:

> Land owners and occupiers and those whom they employ on their behalf owe a duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors. You may consider the following factors in evaluating whether the defendants have exercised reasonable care for the protection of lawful visitors:
> 1. The foreseeability or possibility of harm;
> 2. The purpose for which the visitor entered the premises;
> 3. The time, manner, and circumstances under which the visitor entered the premises;
> 4. The use to which the premises are put or are expected to be put; and
> 5. Any other factor shown by the evidence bearing on this question.
> One of the plaintiff's witnesses expressed an opinion that the defendants should have cleared the parking lot of snow by an earlier time on the day that the plaintiff fell. The law in Iowa is that property owners are permitted to wait until the end of a storm and a

reasonable time thereafter to remove snow and ice from their premises.

"We review challenges to jury instructions for correction of errors at law. The court is required to give a jury instruction requested by a party if the proposed instruction states a correct rule of law, applies to the facts of the case, and is not embodied in other instructions." *Gamerdinger v. Schaefer*, 603 N.W.2d 590, 595 (Iowa 1999). Instructional error requires reversal if the error resulted in prejudice to the complaining party. *See State v. Spates*, 779 N.W.2d 700, 775 (Iowa 2010).

The parties agree the challenged instruction correctly states the law regarding the continuing storm doctrine. *See Reuter v. Iowa Trust & Sav. Bank*, 57 N.W.2d 225, 227 (Iowa 1953) (holding a business owner "is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow" and the "general controlling principle is that changing conditions due to the pending storm render it inexpedient and impractical to take earlier effective action, and that ordinary care does not require it"); *Rochford v. G.K. Dev., Inc.*, 845 N.W.2d 715, 718 (Iowa Ct. App. 2014) (holding landlord was not liable as a matter of law for failing to take steps to remove ice because freezing rain had not stopped prior to time of fall); *Underwood v. Estate of Miller*, No. 10-0052, 2010 WL 3503959, at *1 (Iowa Ct. App. Sept. 9, 2010) (noting *Reuter* expressed an exception to the general duty to exercise reasonable care). The parties disagree on the issue of whether the instruction applies to the facts of this case.

As relevant here, the record shows it snowed throughout the night of December 23 continuing throughout the day of December 24. Wailes met her

husband for breakfast at Hy-Vee at approximately 7:00 a.m. on the morning of December 24. After finishing breakfast and doing some shopping, Wailes left the store at approximately 8:05 a.m. It was still snowing at the time Wailes exited the store. Webb started clearing snow and ice from the parking lot at approximately 5:30 a.m. on December 24 and was still working on premises at the time Wailes exited the store. Webb used a truck and plow to clear the parking lot. The truck and plow left ridges of snow in the parking lot due to snow falling off the edge of the plow blade. Wailes slipped and fell while stepping over a snow ridge in the parking lot.

Wailes argues the continuing storm instruction is inapplicable to these facts because her claim rests on the manner in which the defendants removed snow and ice from the parking lot and not on their failure to timely remove snow and ice prior to the end of the weather event. She compares this case to our good Samaritan cases, which hold that a good Samaritan has no duty to act but does have a duty to use due care once deciding to act. *See Manley v. Janssen*, 213 N.W.2d 693, 696 (Iowa 1973) (noting the good Samaritan's "good intentions do not relieve him of the obligation to use due care"). Hy-Vee and Webb argue the continuing storm doctrine precludes liability relating to snow removal efforts until the end of the weather event as a matter of public policy:

> Plaintiffs are also incorrect in insisting that "even if defendant's duty did not arise until the end of the snowfall they assumed a higher duty by undertaking to remove and clear of ice and snow the parking lot of the hotel before the snowfall had ended." This argument is illogical and contrary to public-policy. Landowners should be encouraged to try to clear all public areas of snow and ice during and after snowstorms, if possible. Landowners should not fear legal liability for not clearing every inch

of their property during an all-day snowstorm if they attempt to clear some public areas of snow during a snowfall. To hold otherwise would be a disincentive to vigilant efforts by landowners to monitor and clear snow during snowstorms. Every landowner would choose to wait out a snowstorm rather than clear a path for fear of legal jeopardy. Such a fear would be a grave detriment to the public.

. . . [L]andowners who attempt to clear some areas of their property while it is still snowing should not be penalized for doing so, nor should they lose the benefit of being able to wait out the end of the snowstorm before they must take steps to make their entire premises reasonably safe from snow and ice.

*Kovach v. Brandywine Innkeepers Ltd. P'ship.*, No. CIV.A. 98-01-232JEB, 2001 WL 1198944, *2 (Del. Super. 2001).

Hy-Vee and Webb misstate the scope of the continuing storm doctrine. The continuing storm doctrine holds the failure to remove the *natural* accumulation of snow and ice prior to the cessation of the weather event giving rise to such accumulation of snow and ice is not a breach of the duty of ordinary care, as a matter of law, and is thus not negligent, as a matter of law. *See Cranshaw v. Cumberland Farms, Inc.*, 613 F. Supp. 2d 147, 149 (D. Mass. 2009) (stating "a property owner is generally not liable for injuries caused by the natural accumulation of snow or ice"). The doctrine further holds that the failure to clear the natural accumulation of snow and ice prior to the cessation of the weather giving rise to such accumulation is not a breach of the duty of ordinary care even where the party voluntarily has undertaken snow removal efforts prior to the end of the weather event. *See Cranshaw*, 613 F. Supp. 2d at 149 ("Nor does liability arise merely because a property owner removes a portion of snow or ice but fails to remove or treat the remaining natural accumulation."); *Avalos v. Pulte Home Corp.*, 474 F. Supp. 2d 961, 970 (N.D. Ill. 2007) (stating that "simply removing

snow leaving a natural ice formation underneath does not constitute negligence"); *Wheeler v. Grande'Vie Sr. Living Cmty.*, 819 N.Y.S.2d 188, 189 (N.Y. App. Div. 2006) ("[T]he mere failure to remove *all* snow and ice from a sidewalk or parking lot does not constitute negligence and does not constitute creation of a hazard.").

While the continuing storm doctrine holds there is no breach of duty for failing to clear the natural accumulation of snow until a reasonable time after the cessation of the weather event, "liability may result if the efforts [the party] did take created a hazardous condition or exacerbated the natural hazards created by the storm." *Wheeler*, 819 N.Y.S.2d at 188. This is consistent with the general rule that an actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 835 (Iowa 2009) (adopting Restatement (Third) of Torts § 7(a) that an "actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm"); *see also Van Fossen v. MidAm. Energy Co.*, 777 N.W.2d 689, 696 (Iowa 2009) (recognizing adoption of Restatement (Third) of Torts § 7(a)); *Hill v. Damm*, 804 N.W.2d 95, 99 (Iowa Ct. App. 2011) (quoting Restatement (Third) of Torts § 3 and stating a person "acts negligently if the person does not exercise reasonable care under all the circumstances"); *see generally Avalos*, 474 F. Supp. 2d at 970 ("[A] landowner does not have a duty to remove natural accumulations of snow and ice, but the landowner who voluntarily removes snow or ice negligently may be subject to liability."). The cases on which the defendants rely—*Kovach, Locke v. Happy*

*Chef*, No. 98-2121, 1999 WL 1020728 (Iowa Ct. App. Nov. 10, 1999), and *Mattson v. St. Luke's Hosp.*, 89 N.W.2d 743 (Minn. 1958)—do not hold to the contrary. They simply articulate the general rule discussed above—the defendant shall not be liable for failing to remove the *natural* accumulation of ice and snow during a weather event merely because the defendant had voluntarily started snow removal efforts prior to cessation of the weather event.

Although Hy-Vee and Webb misstate the scope of the continuing storm doctrine, the district court did not err in giving the requested instruction. The record shows the district court correctly concluded the continuing storm instruction was inapplicable to the facts of this case to the extent that Wailes challenged only the manner of snow removal. The district court subsequently concluded, however, Wailes did not limit her claim to the manner of snow removal. Instead, she challenged the timing of the snow and ice removal. During trial, Wailes elicited testimony from her expert witness that the natural accumulation of snow and ice nearest the store "needs to be clear from snow and ice early on." On direct examination, the expert testified de-icers should have been used at 5:30 in the morning to clear the sidewalks and the area in front of the store. On cross-examination, Wailes's expert testified the snow should have been cleared by 6:30 a.m. on December 24. Thus, although Wailes contends her claim was based only on the manner of snow and ice removal, it is clear she also based her claim on the timing of such removal. The continuing storm doctrine holds there was no duty for defendants to begin snow removal prior to the cessation of the snow event on December 24. The doctrine was thus

applicable to the facts of this case, and the district court did not err in giving the requested instruction.

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**