# IN THE COURT OF APPEALS OF IOWA

No. 18-2061
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL JOSEPH DEBETTIGNIES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Chris Foy, Judge.


Michael Debettignies appeals his conviction for third-degree sexual abuse.

**AFFIRMED.**


Mark C. Smith, State Appellate Defender, (until withdrawal) and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Michael Debettignies appeals his conviction for sexual abuse in the third degree. He contends the district court abused its discretion by prohibiting him from impeaching the complaining witness with certain evidence. We find error was not preserved. So we affirm.

### I. Facts and Prior Proceedings

The State charged Debettignies with third-degree sexual abuse. C.B. was the complaining witness.

Prior to trial, the State filed a motion in limine. Among other things, the State sought to exclude evidence of an incident in which C.B. threatened to accuse a police officer of inappropriately touching her during a mental-health commitment. Debettignies resisted, arguing he should be able to use the information to impeach C.B.'s truthfulness. The court sustained the motion.

The matter proceeded to trial, and the jury convicted Debettignies as charged. He now appeals.

### II. Discussion

Debettignies appeals the district court's motion in limine ruling. He argues the district court abused its discretion by preventing him from questioning C.B. about her threat to accuse a police officer of inappropriately touching her. The State contends the issue was not preserved for review. We agree with the State.

"Generally, we review a district court's evidentiary rulings for an abuse of discretion." *Wailes v. Hy-Vee, Inc.*, 861 N.W.2d 262, 264 (Iowa Ct. App. 2014). "However, a 'ruling sustaining a motion in limine is generally not an evidentiary ruling.'" *Id.* (citation omitted). "Rather, a ruling sustaining a motion in limine simply

adds a procedural step to the introduction of allegedly objectionable evidence." *Id.* (citation omitted).

So, in general, "the district court's ruling on a motion in limine is not subject to appellate review because the error, if any, occurs when the evidence is offered at trial and is either admitted or refused." *Id.* "Thus, 'error claimed in a court's ruling on a motion in limine is waived unless' the error is preserved at trial when the evidence is offered." *Id.* (quoting *State v. Alberts,* 722 N.W.2d 402, 406 (Iowa 2006)). "There is an exception to this general rule, however." *Id.* "When the court's ruling on a motion in limine is unequivocal and leaves no question that the challenged evidence will or will not be admitted at trial, counsel need not take steps at trial to preserve error." *Id.* "Where the district court's ruling on a motion in limine is unequivocal, 'the decision on the motion has the effect of [an evidentiary] ruling' and thus preserves the issue for appellate review." *Id.* (quoting *State v. Tangie,* 616 N.W.2d 564, 569 (Iowa 2000)).

We conclude Debettignies did not preserve error. He did not offer the evidence during the trial. So he did not obtain an "evidentiary ruling" for our review.

Nor is the exception applicable here. During the motion in limine hearing, the court said that, "at this point," the evidence is "going to be excluded from the trial." But the court also said, "Maybe there'll be additional information . . . that will come in during the trial that would cause me to reevaluate the relevance of this evidence." Indeed, the court anticipated defense counsel might later "seek to introduce . . . evidence regarding this particular topic." So the court instructed defense counsel that, before offering the evidence, "there would need to be an offer of proof or some additional record made."

This ruling was not "unequivocal." *See id.* It did not "leave[] no question that the challenged evidence" would "not be admitted at trial." *See id.* It left open the possibility of admission. So it was insufficient to preserve error. *See id.* We affirm.

**AFFIRMED.**