# IN THE COURT OF APPEALS OF IOWA

No. 22-1069
Filed June 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KRISTLE CAY CURTIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Michelle M. Wagner, District Associate Judge.

A defendant appeals her conviction for operating while intoxicated, first offense. **AFFIRMED.**

Stuart G. Hoover, East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Kristle Curtis was found guilty of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (Supp. 2021). Before trial, Curtis moved to suppress portions of the State's video evidence where she directed racial slurs and other insults towards the arresting officers. The district court denied her motion, and the jury heard the full videotape evidence, including the racial slurs. On appeal, Curtis argues the evidence was unfairly prejudicial—because Curtis failed to preserve error, we affirm her conviction.

**I. Facts and Prior Proceedings.**

Just before midnight on November 20, 2021, Officer Nicholas Weber saw a white car pull into the parking lot of a retirement community in Waterloo. Because this was uncommon in his experience with the location, he followed the vehicle until it parked and then drove by it slowly to see the license plate number and who was driving. Based on the driver's longer hair, Officer Weber assumed it was a woman. Then Officer Weber drove out of the parking lot and waited at a nearby intersection; about fifteen minutes later, the car drove past him again. Officer Weber followed the vehicle to an intersection, where the vehicle stopped. There, he testified, "it appeared that a subject was thrown from the driver's side of the vehicle, and there was a brief altercation of sorts between the two people next to the driver's side of the vehicle." One occupant of the car who had exited on the driver's side of the vehicle, Curtis, had shoulder-length hair. The other, a man with short hair, exited the passenger side door of the car, then he got back inside[1]—the

---

[1] Officer Weber testified he did not see the man reenter the car, but did see him exit again.

car's brake lights came on, indicating someone was pressing the brakes, before he exited the passenger side door again and sat on the curb. The male passenger admitted to driving at least part of the way between the retirement community and the car's final resting place.

After seeing the occupants leave the vehicle, Officer Weber next observed Curtis vomiting and slurring her speech, so he believed she was impaired. After Curtis requested medical care, an ambulance was called to the scene and she was transported to the hospital. Once Curtis was discharged from the hospital, Sergeant John Koontz transferred her from the hospital to the Waterloo Police Department. Eventually, because Officer Weber maintained Curtis was the one driving the car into the retirement community parking lot, she was arrested and transferred from the police department to the jail.

Ahead of trial, Curtis moved in limine to suppress three discrete parts of body camera footage from the police officers that showed Curtis arguing with officers and using a racial slur;[2] she argued those specific portions of the footage were unfairly prejudicial. A hearing was held on the motion, and Curtis argued that, because the instances where she used racial slurs were only portions of longer videos, the footage was unnecessary to meet the State's purpose of showing her impairment and would only inflame the jury. Though there was no evidence of Curtis's blood alcohol level, Curtis was willing to stipulate that she was intoxicated, but not that she drove the car; so, she argued the challenged portions

---

[2] Curtis used the "n word" as she wished harm on the officers' families, but we see no reason to repeat the full context of the statements because it is the term rather than the context of its use that she challenges as prejudicial.

of the footage had no probative value.  The State declined her stipulation, and argued:

> Officer Weber indicates he sees her driving.  But when we're assessing credibility I think one thing that sticks out to me is the witness's or the presenter's appearance, conduct, age, intelligence, memory, and knowledge of the facts.  And that prong, her conduct, her appearance, her memory those statements would go towards her credibility when they're assessing whether or not to believe her testimony if she chooses to testify or believe her statements that will be played for them that she denies driving when Officer Weber indicates he saw her driving.
> So the State's position is that these statements should be submitted for the jury to consider, both to ascertain whether or not they believe the defendant is under the influence of alcohol or to assess her credibility under the credibility instruction.

The State also asserted the evidence of her impairment was necessary to show it was alcohol-related and not due to any injury.  The district court did not grant Curtis's motion in limine, finding the evidence was probative and not unfairly prejudicial.  After noting that there was no stipulation as to the intoxication, the district court ruled:

> If the Court—I don't really like to do limiting instructions but if the defense has asked for an instruction of only what they can consider it for, I would be happy to factor some jury instruction that they can only consider it to determine if she was under the influence.  *But at this time* I do not believe that if [the jury] hear[s] that statement it would unfairly prejudice the defendant because I do believe it is needed for the jury to make a determination as to if Ms. Curtis was under the influence of alcohol.
> *So at this time* I am going to overrule Defendant's motion in limine . . .  I will allow the State to play the video with the statements and the defense can talk about if they would like some instruction prior, when we do instructions, to state that it is only to be used for determining if a person is under the influence.

(Emphasis added.)

In her opening statement, Curtis conceded her intoxication and indicated she was only contesting that she was the one driving.  Over no objections, the jury

heard the video evidence, including the sections with Curtis's racial slurs. As for the instructions to the jury, Curtis requested no limiting instruction to address its use of the evidence containing the racial slurs. After deliberations, the jury returned a guilty verdict against Curtis. She filed a motion for a new trial, arguing the video evidence should not have been shown to the jury; the district court denied the motion. Curtis appeals that ruling, but first we determine if Curtis preserved error on the admission of the video evidence.

## II. Error Preservation.

The State argues Curtis did not preserve error because she did not lodge an objection contemporaneous to the evidence's introduction. Our supreme court recently explained that:

> Generally, denial of a motion in limine does not preserve error for appellate review. Motions in limine are procedural rulings that "serve[] the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of the trial." If denied, the resisting party must object at the time the evidence is offered at trial to preserve a challenge to the evidence on appeal. If sustained, the ruling "excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof." Error arises when the evidence is introduced at trial, not from ruling on the motion in limine.
> As with most rules, there is an exception. "[I]f the ruling [on the motion in limine] reaches the ultimate issue and declares the evidence admissible or inadmissible, it is ordinarily a final ruling and need not be questioned again during trial."

*State v. Thoren*, 970 N.W.2d 611, 620–21 (Iowa 2022) (alterations in original) (citations omitted). Here, given the context of the district court's ruling, the answer comes down to whether the ruling was a final ruling that reached the ultimate issue and declared the evidence admissible. *See State v. Alberts*, 722 N.W.2d 402, 406 (Iowa 2006). So,

> where a motion in limine is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, there is no reason to voice objection at such time during trial. In such a situation, the decision on the motion has the effect of a ruling.

*State v. Miller*, 229 N.W.2d 762, 768 (Iowa 1975). Put another way, was it necessary to take the additional "procedural step [an objection and ruling] to the introduction of allegedly objectionable evidence"? *Quad City Bank & Tr. v. Jim Kircher & Assocs., P.C.*, 804 N.W.2d 83, 89–91 (Iowa 2011).

Advocating that Curtis had to object to the videos, the State points to the district court's use of the phrase "at this time" to show it was not a final ruling. True, at the motion stage, the district court determined the evidence was coming in and even suggested the possibility of a limiting instruction for the jury. *See Alberts*, 722 N.W.2d at 407 (noting "the plain language of the court's ruling—'I'm not going to permit testimony or evidence concerning [R.M.'s] mental health or past sexual comments or activities'—rings of a final ruling" even when "the district court did not specifically state the evidence was 'inadmissible'"). But the use of the term "at this time" suggests that there might have come a time during the trial where the ruling could be reconsidered. *See Quad City Bank*, 804 N.W.2d at 90–91 (finding a motion-in-limine ruling was final when "[t]he court did not equivocate or state it would reconsider its ruling at trial"); *State v. Bassett*, No. 21-0923, 2022 WL 16630788, at *8 (Iowa Ct. App. Nov. 2, 2022) ("[T]he court concludes by merely noting, '[T]he Court will not grant the motion in limine at this time as to any such evidence. Rather, the Court will treat the motion in limine as a cautionary statement.' The court's apparent final ruling on the motion in limine would ordinarily preserve Bassett's claims for appeal despite the lack of objections at

trial."); *State v. Debettignies*, No. 18-2061, 2019 WL 5790900, at *1 (Iowa Ct. App. Nov. 6, 2019) (finding the ruling not final because "during the motion in limine hearing, the court said that, 'at this point,' the evidence is 'going to be excluded from the trial.' But the court also said, 'Maybe there'll be additional information . . . that will come in during the trial that would cause me to reevaluate the relevance of this evidence.'").

This case falls somewhere in between the cases where it is clear that the limine ruling is final and those where the district court might rule differently given the evidence during the trial. *Compare Wailes v. Hy-Vee, Inc.*, 861 N.W.2d 262, 264 (Iowa Ct. App. 2014) (holding error was not preserved as the court did not issue a final ruling and there was no objection made to the evidence), *with State v. Daly*, 623 N.W.2d 799, 800 (Iowa 2001) (reiterating that after the district court confirmed at the motion stage that the ruling was final there was no question the issue was resolved, so no objection at trial was required to preserve error). We endorse the following guidance:

> The best practice is to avoid speculation on whether a particular ruling will be viewed as a final, unequivocal one. If possible to do so without prejudicing the client, counsel in most cases should renew the objection at trial. Otherwise, counsel should inquire of the court whether its ruling in limine is final and unequivocal. Unless the response is a positive one, failure to object and obtain a ruling during trial may constitute a waiver.

4A B. John Burns, *Iowa Practice Series: Criminal Procedure* § 10:3(h) (2022) (footnotes omitted). So, returning to the issue here, we note the words of the district court must be given due consideration to evaluate the unequivocal intent of the ruling. "At this time," used twice by the district court in reference to the ruling on the motion in limine, must have some meaning. Because that language can

mean the ruling could be reconsidered at a later time during the trial, the ruling was not unequivocal. No one asked the district court what those references meant nor if the ruling was indeed final. *See James v. Miller*, No. 07-1098, 2008 WL 2522119, at *2 (Iowa Ct. App. June 25, 2008) (finding that the court's repeated phrases excluding evidence "at this point" indicate that the court's ruling was not final as the court noted it still had to review the documents). Thus, Curtis had to object to the evidence at trial and make any arguments that supported her theory of exclusion. Error was not preserved.

Even so, because we review evidentiary rulings for an abuse of discretion, on this record we would not find the district court abused its discretion. *See Thoren*, 970 N.W.2d at 620. "A district court abuses its discretion when it bases its decisions on grounds or reasons clearly untenable or to an extent that is clearly unreasonable . . . [or] if it bases its conclusions on an erroneous application of the law." *Id.* (alteration in original) (citation omitted). "[Iowa Rule of Evidence] 5.403 allows a court to exclude 'relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" *State v. Lacey*, 968 N.W.2d 792, 807 (Iowa 2021). "'Unfair prejudice' is the 'undue tendency to suggest decisions on an improper basis, commonly though not necessarily, an emotional one.'" *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013) (citation omitted). We follow a two-part test to determine if evidence should be excluded under this rule: "First, we consider the probative value of the evidence. Second, we balance the probative value against the danger of its prejudicial or wrongful effect upon the triers of fact." *State v. Einfeldt*, 914 N.W.2d 773, 784 (Iowa 2018). "Because the weighing of probative value against probable prejudice is not an exact science, we give a great

deal of leeway to the trial judge who must make this judgment call." *State v. Newell*, 710 N.W.2d 6, 20–21 (Iowa 2006).

As the case was submitted, the jury had to determine if Curtis was intoxicated. And we agree with the district court that Curtis's rantings during her arrest was probative of Curtis's intoxication[3] because, as the court put it, the State had to show Curtis was intoxicated by "show[ing] that her reason or mental ability ha[d] been affected, her judgment was impaired, and her emotions [were] visibly excited." While Curtis regrets what she said and argues the jury would be inflamed by her language, her demeanor and lack of judgment provides evidence indicative of intoxication, just as slurred speech, vomiting, and her general belligerence might support that element of proof.

Our rules against unfair evidence recognize that evidence which "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action may cause a jury to base its decision on something other than the established propositions in the case." *State v. Plaster*, 424 N.W.2d 226, 231 (Iowa 1988). This is charged language, which both parties agree is "uniquely vicious" and likely to elicit an emotional response. But the behavior of intoxicated persons often fit that category. Here, the district court made a judgment call as is its role, and we do not find it abused its discretion. *See id.* at 232 (noting the district court made the judgment call which "calls for a large measure of individual judgment about the relative gravity of the imponderables.").

---

[3] While the State argued at trial that it was also relevant to her credibility, the district court ruled only that the evidence was relevant to her intoxication. The State does not further the credibility argument on appeal.

**III. Conclusion.**

Because Curtis failed to preserve error on the admissibility of the evidence she seeks to challenge on appeal, we affirm the conviction.

**AFFIRMED.**